B. F. Shepperd, etc., *v.* Wm. Bowling.

**Interest—Money Payable on Demand.**
> Where money is payable on demand, interest runs only from the date of the demand.

APPEAL FROM CARTER CIRCUIT COURT.

December 7, 1872.

Opinion by Judge Pryor:

The evidence in the case shows that the claim of three hundred dollars was allowed the appellee by the county court; this claim was included in the list of the county creditors and delivered to the sheriff. It was then the duty of the sheriff to collect the money and pay it over on demand. It also appears that the sheriff had collected or could have collected by the use of ordinary diligence enough of the county levy to satisfy the claims of the creditors. The defense set up in regard to the military claims and the advice of the appellee, with regard to them, can not be made available under the pleadings and proof so as to preclude the appellee from his right to recover. There is no sufficient denial of the demand by the answer, but if there was, the proof shows that the parties live in the same town; and that in 1866 a written demand was made of the appellant, Shepperd, for the money. This we deem sufficient. This money, however, was payable on demand only, and no interest began to run on the claim until a demand was made. It was, therefore, erroneous to instruct the jury to give interest from October, 1863. It was proper to give the 10 per cent. upon the principal and interest, but this interest (6 per cent.) should have been calculated from the date of the demand and then ten per cent. on the aggregate amount. Sec. 5 of the Act of 1864, Myers Supplement, has reference only to the claims due the county and not to the claims of creditors. The payments made by the sheriff were properly applied to the previous allowance made the appellee. The instruction given at the instance of appellees can not embrace the law of the case, except as to the question of interest. The court properly refused the instruction asked for by the defendant, and at

any rate the instruction given for the appellee presented the whole law of the case except as stated. The judgment of the court below is reversed and cause remanded with directions to award the appellant a new trial and for further proceedings consistent with this opinion.

*S. J. Filson, Ireland, for appellants.*

*Dulind, for appellee.*